| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| 1. | **Debtor's name** | FR Dixie Holdings Corp. |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | Expanse Energy Solutions |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 90-1034205 |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | 1155 Dairy Ashford Road, Suite 450<br>Houston, Texas 77079 | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Harris<br>County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | https://www.expanseenergy.com/ |
|---|---|---|

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|

Debtor  FR Dixie Holdings Corp.  
      Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**2382**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☒ A plan is being filed with this petition.
  - ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

| | | |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ☒ Yes.

| | | |
|---|---|---|
| Debtor *See* Schedule 1 | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor    FR Dixie Holdings Corp.                                     Case number (*if known*)
          Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  _____

**Where is the property?**  _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.    Insurance agency  _____
          Contact name      _____
          Phone             _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☒ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets** (on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities** (on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| | | |
|---|---|---|
| Debtor | FR Dixie Holdings Corp. | Case number (if known) |
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/02/2018
             MM / DD / YYYY

X _____     Jerrit Coward
Signature of authorized representative of debtor     Printed name

Title   Chief Executive Officer

**18. Signature of attorney**

X _____     Date   11/02/2018
Signature of attorney for debtor                           MM / DD / YYYY

Edmon L. Morton
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square
1000 N. King Street
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone   (302) 571-6600     Email address   emorton@ycst.com

3856 (DE)
Bar number and State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below including the Debtor in this chapter 11 case filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Tax ID # |
|---|---|
| Dixie Electric, LLC | 80-0553176 |
| FR Dixie Holdings Corp. | 90-1034205 |
| FR Dixie Acquisition Corp. | 46-4316859 |
| FR Dixie Acquisition Sub Corp. | 90-0776379 |
| K&S Electric, Inc. | 81-0408960 |
| Action Electric, Inc. | 27-2490227 |
| Action Electric Holdings, Inc. | 36-4834496 |
| Monahans Electric, Inc. | 75-2522307 |
| Patriot Automation & Control, LLC | 20-0887466 |
| L&K Electric, LLC | 45-0433297 |
| Epic Integrated Services, LLC | 45-4835274 |
| Mac Supply, Inc. Electrical Contractors | 71-0926230 |
| Wellkeeper, Inc. | 32-0004522 |

**FR DIXIE HOLDINGS CORP.**

**Action Taken by Written Consent
of the Board of Directors**

**November 2, 2018**

*The undersigned, constituting the entire board of directors (the "**Board**") of FR Dixie Holdings Corp., a Delaware corporation (the "**Company**"), acting without a meeting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and the by-laws of the Company, hereby takes the following actions by unanimous written consent as of the date set forth above:*

**RESOLVED**, pursuant to and in accordance with the by-laws of the Company, that the Board be, and hereby is, authorized, empowered and directed to determine or establish any and all of the terms and conditions of any of the instruments and agreements referred to in this written consent.

**WHEREAS**, the Board previously approved the form, terms and provisions of, and the execution, delivery, and performance of, and, on October 26, 2018, the Company and certain of its affiliates (collectively, the "**Debtors**") entered into a restructuring support agreement (the "**RSA**") with (i) certain of the Secured Lenders under the Secured Credit Agreement from time to time party thereto, (ii) certain of the Secured Lenders, in their capacity as the DIP Lenders, (iii) the Administrative Agent, (iv) the Consenting Equityholder and (v) the Unsecured Lender, each as defined therein; and

**WHEREAS**, on October 31, 2018, pursuant to the terms of the RSA, the Debtors commenced the solicitation of votes (the "**Solicitation**") to obtain acceptances of the Joint Pre-Packaged Plan of Reorganization of Dixie Electric, LLC and its Debtor Affiliates, dated October 31, 2018 (as may be amended, restated, supplemented, or otherwise modified from time to time, the "**Plan**"); and

**WHEREAS**, the Board has had the opportunity to consult with management and the legal and financial advisors of the Debtors to fully consider each of the strategic alternatives available to the Debtors; and

**WHEREAS**, pursuant to the Solicitation, the Company has received the requisite votes in favor of the Plan from the Term Lenders sufficient to satisfy the requirements of section 1126(c) of the Bankruptcy Code (as defined below) as well as receipt of certain other third party approvals; and

**WHEREAS**, in furtherance of the Plan, the Board desires to approve the following resolutions.

**NOW, THEREFORE, BE IT HEREBY**

**Commencement of Chapter 11 Case**

**RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, stockholder, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Officer**"), be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**" and, together with the chapter 11 cases of the other Debtors, the "**Chapter 11 Cases**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Cases.

**Retention of Professionals**

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Company to employ PJT Partners LP located at 280 Park Avenue, New York, New York 10017, as investment banker in the Chapter 11 Cases, and all related matters, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Company to employ the law firm Simpson Thacher & Bartlett LLP, located at 425 Lexington Avenue, New York, New York 10017, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Cases, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Company to employ the law firm of Young Conaway Stargatt & Taylor, LLP as Delaware bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Cases, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Company to employ Prime Clerk LLC, located at 830

3rd Avenue, 3rd Floor, New York, New York 10022, as claims and noticing agent and administrative advisors in connection with the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Company to employ BDO USA, LLP, located at 330 North Wabash, Suite 3200 Chicago, IL 60611, as tax consultant and restructuring advisor in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety; and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized and directed in the name and on behalf of the Company to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Company's rights and obligations; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized and directed in the name and on behalf of the Company to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that, in connection with the Chapter 11 Case, it is in the best interests of the Company to guarantee the obligations of its affiliate, and the Company will obtain benefits from, the lending transactions under that certain debtor-in-possession facility (the "**DIP Financing**" and the credit agreement related thereto together with any exhibits and schedules, collectively, the "**DIP Credit Agreement**") in an aggregate principal amount of $17.5 million of term loans, or such other amount acceptable to the DIP Lenders and the Debtors and authorized by the Bankruptcy Court, and $5 million of letters of credit commitments, which is necessary, advisable, desirable or appropriate to the conduct, promotion, and attainment of the businesses of the Company and is subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for the Secured Lenders; and be it further

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (the "**Interim DIP Order**") and submitted for approval to the Bankruptcy Court; and be it further

**RESOLVED,** that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, the Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments,

3

receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to any security and pledge agreement, if any, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement, the "**DIP Financing Documents**"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of the Company, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by the Authorized Officer's execution and delivery thereof; and be it further

**RESOLVED**, that any Authorized Officer be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in his discretion is determined to be necessary, desirable, or appropriate, incur the Adequate Protection Obligations and execute and/or undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including execution and delivery of: (a) the DIP Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Financing Documents (collectively, the "**Adequate Protection Documents**"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent (as such term is defined in the RSA); and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Financing Documents or any other Adequate Protection Document; and be it further

**RESOLVED,** that any Authorized Officer be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to: (i) file or to authorize the DIP Agent to file any Uniform Commercial Code ("**UCC**") financing statements, any other equivalent filings, any intellectual property filings and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import; and (ii) to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, as part of the adequate protection to be provided to the lenders and administrative agent under the Secured Credit Agreement, to grant replacement security interests in, and replacement liens on, any and all property of the Company as collateral pursuant to the Bankruptcy Court's orders to secure all of the obligations and liabilities of the Company thereunder, and to authorize, execute, verify, file and/or deliver to the administrative agent, on behalf of the Company, all agreements, documents and instruments required by the lenders or the administrative agent under the Secured Credit Agreement in connection with the foregoing, and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the

4

Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Financing Documents which shall, in such Authorized Officer's judgment, be necessary, proper or advisable; and be it further

**RESOLVED**, that any Authorized Officer, be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company to take such additional action and to execute and deliver each other agreement, instrument, certificate or document to be executed and delivered, in the name and on behalf of the Company set forth, pursuant to or in connection with the Adequate Protection Documents, all with such changes therein and additions thereto as the Authorized Officer, approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**General Resolutions and Prior Actions**

**RESOLVED**, that the Company, the Board and each Authorized Officer be, and hereby is, authorized to put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Bankruptcy Code, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided for or directed by such decrees and orders, in each case without further approval by the Board; and be it further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and be it further

**RESOLVED**, that each of the Board and any Authorized Officer be, and hereby is, authorized and empowered and directed to prepare, execute, deliver and file, or cause to be prepared, executed, delivered and/or filed, all agreements, certificates, statements, reports, documents, instruments and papers, and to pay all expenses as the Board or any Authorized Officer may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by the Company in order for the Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate, instrument or document, or payment of expenses constituting conclusive evidence of the Board's or any Authorized Officer's authority therefor and of the approval of the Board thereof, and to take such other actions as the Board or any Authorized Officer may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no

5

6

manner derogate from the authority of the Board or any Authorized Officer of the Company acting at their direction, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

[*The rest of this page is left blank intentionally; the signature page follows.*]

IN WITNESS WHEREOF, the undersigned member of the Board has executed this unanimous written consent as of the date first written above.

**BOARD OF DIRECTORS:**

_____
William Brown, Director

[Signature Page to Written Consent of Board of FR Dixie Holdings Corp.]

**Fill in this information to identify the case:**
Debtor name: Dixie Electric, LLC, et al.
United States Bankruptcy Court for the: District of Delaware
Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Border States Electric Supply<br>Attn: Cynthia Kuehler<br>105 25th Street N<br>Fargo, ND 58102-4002 | Border States Electric Supply<br>Attn: Cynthia Kuehler<br>PHONE: 806-712-1009<br>FAX: 701-232-7673<br>EMAIL: ckuehler@borderstates.com | Trade Claim | | | | $2,181,364.70 |
| 2 | Consolidated Electrical<br>Attn: Shane Smith<br>11560 Hillguard Road<br>Dallas, TX 75243 | Consolidated Electrical<br>Attn: Shane Smith<br>PHONE: 817-737-5558<br>FAX: 214-932-3003<br>EMAIL: shane.smith@ced.com | Trade Claim | | | | $1,856,676.45 |
| 3 | Dakota Supply Group<br>Attn: Robyn McNellis<br>2601 3rd Avenue<br>Fargo, ND 58102 | Dakota Supply Group<br>Attn: Robyn McNellis<br>PHONE: 406-443-4012<br>FAX: 701-237-6504<br>EMAIL: rmcnellis@dsginc.biz | Trade Claim | | | | $1,198,411.60 |
| 4 | Energy Electrical Distribution Co.<br>Attn: John Escalante<br>6575 Hinson Street<br>Las Vegas, NV 89118 | Energy Electrical Distribution Co.<br>Attn: John Escalante<br>PHONE: 432-332-5758<br>FAX: 702-649-7983<br>EMAIL: john.escalante@energyelect.com | Trade Claim | | | | $499,298.65 |
| 5 | Crescent Electric Supply<br>Attn: Carol Moslet<br>7750 Dunleith Drive<br>East Dubuque, IL 61025 | Crescent Electric Supply<br>Attn: Carol Moslet<br>PHONE: 406-252-0216<br>FAX: 815-747-7720<br>EMAIL: carol.moslet@cesco.com | Trade Claim | | | | $264,042.48 |
| 6 | Advanced Connections, Inc<br>Attn: Cindy Cruz<br>2015 Mckenzie Drive, Suite 120<br>Carrollton, TX 750006 | Advanced Connections, Inc<br>Attn: Cindy Cruz<br>PHONE: 972-988-3080<br>FAX: 855-792-1422<br>EMAIL: Cindy.Cruz@acicabling.com | Trade Claim | | | | $207,505.20 |
| 7 | C.I.E. Wire & Cable, Inc.<br>Attn: Mike Denkers<br>1975 McCain Parkway<br>Pelham, AL 35124 | C.I.E. Wire & Cable, Inc.<br>Attn: Mike Denkers<br>PHONE: 205-380-6540<br>FAX: 205-663-1228<br>EMAIL: mdenkers@ciewirecable.com | Trade Claim | | | | $172,249.95 |
| 8 | Malloy Electric Bearing Supply<br>Attn: Debi Driscol<br>809 West Russell Street<br>Sioux Falls, SD 57104 | Malloy Electric Bearing Supply<br>Attn: Debi Driscol<br>PHONE: 605-357-1034<br>FAX: 605-336-1545<br>EMAIL: ddriscoll@malloyelectric.com | Trade Claim | | | | $155,960.59 |
| 9 | Vega Americas Inc.<br>Attn: Beth Ann Owens<br>4170 Rosslyn Drive<br>Cincinnati, OH 45209 | Vega Americas Inc.<br>Attn: Beth Ann Owens<br>PHONE: 513-272-4223<br>FAX: 513-272-0133<br>EMAIL: b.owens@vega.com | Trade Claim | | | | $148,822.64 |
| 10 | TDG Staffing LLC<br>Attn: Cassie Hughes<br>1001 West Loop South, Suite 560<br>Houston, TX 77027 | TDG Staffing LLC<br>Attn: Cassie Hughes<br>PHONE: 713-932-9313<br>FAX: 713-932-0112<br>EMAIL: chughes@danielgroupus.com | Trade Claim | | | | $125,178.12 |
| 11 | Desert Hills Electric Supply<br>Attn: Amy Murphy<br>401 Commerce Road<br>Artesia, NM 88210 | Desert Hills Electric Supply<br>Attn: Amy Murphy<br>PHONE: 575-736-0810<br>FAX: 575-746-8870<br>EMAIL: amurphy@deserthillsinc.com | Trade Claim | | | | $120,024.47 |
| 12 | Circle Control Systems<br>Attn: Bruce Eralle<br>210 1st Avenue S<br>Moffit, ND 58560 | Circle Control Systems<br>Attn: Bruce Eralle<br>PHONE: 701-527-4701<br>FAX: 701-527-4701<br>EMAIL: bruce_ccs@outlook.com | Trade Claim | | | | $113,738.04 |
| 13 | QED<br>Attn: Sandra Loung<br>5875 S. Decatur Boulevard<br>Las Vegas, NV 89118 | QED<br>Attn: Sandra Loung<br>PHONE: 702-415-2409<br>FAX: 702-871-0132<br>EMAIL: sluong@qedelectric.com | Trade Claim | | | | $97,874.36 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 14 | United Rentals, Inc<br>Attn: Blanche Harris<br>100 First Stamford Place, Suite 700<br>Stamford, CT 06902 | United Rentals, Inc<br>Attn: Blanche Harris<br>PHONE: 704-916-4130<br>FAX: 203-327-2362<br>EMAIL: blharris@ur.com | Trade Claim | | | | $83,880.89 |
| 15 | Jasper Engineering and Equipment<br>Attn: Emily Barbacle<br>3800 5th Avenue West, Suite 1<br>Hibbing, MN 55746 | Jasper Engineering and Equipment<br>Attn: Emily Barbacle<br>PHONE: 952-938-6504<br>FAX: 218-262-4936<br>EMAIL: embarnacle@jaspereng.com | Trade Claim | | | | $80,278.73 |
| 16 | Solomon Corporation<br>Attn: Heather Haley<br>103 West Main Street<br>Solomon, KS 67480 | Solomon Corporation<br>Attn: Heather Haley<br>PHONE: 785-655-2629<br>FAX: 785-655-2502<br>EMAIL: hhaley@solomoncorp.com | Trade Claim | | | | $70,136.64 |
| 17 | Dykman Electrical Inc.<br>Attn: Rashaun May<br>2323 Federal Way<br>Boise, ID 83705 | Dykman Electrical Inc.<br>Attn: Rashaun May<br>PHONE: 208-336-1668<br>FAX: 208-336-3993<br>EMAIL: rmay@dykman.com | Trade Claim | | | | $65,268.00 |
| 18 | UniFirst Holdings, Inc.<br>Attn: Blake Stephenson<br>68 Jonspin Road<br>Wilmington, MA 01887 | UniFirst Holdings, Inc.<br>Attn: Blake Stephenson<br>PHONE: 432-332-0548<br>FAX: 978-657-5663<br>EMAIL: blake_stephenson@unifirst.com | Trade Claim | | | | $63,902.63 |
| 19 | Sunstate Equipment Co.<br>Attn: Lynn Parson<br>5552 E. Washington Street<br>Phoenix, AZ 85034 | Sunstate Equipment Co.<br>Attn: Lynn Parson<br>PHONE: 602-683-2278<br>FAX: 602-275-2398<br>EMAIL: lynn.parson@sunstateequip.com | Trade Claim | | | | $52,987.98 |
| 20 | Avalara, Inc<br>Attn: Brandon Cole<br>255 South King Street, Suite 1800<br>Seattle, WA 98104 | Avalara, Inc<br>Attn: Brandon Cole<br>PHONE: 877-780-4848<br>FAX: 877-759-6520<br>EMAIL: brandon.cole@avalara.com | Trade Claim | | | | $50,544.00 |
| 21 | Badlands Steel Inc.<br>Attn: Sabrina Martinez<br>4324 4th Avenue W, Suite 106<br>Williston, ND 58801 | Badlands Steel Inc.<br>Attn: Sabrina Martinez<br>PHONE: 701-774-2231<br>FAX: 701-774-2234<br>EMAIL: badlandssteeloffice@badlandssteel.com | Trade Claim | | | | $48,368.91 |
| 22 | Clark Hill Strasburger<br>Attn: Martin Thornthwaite<br>901 Main Street, Suite 6000<br>Dallas, TX 75202 | Clark Hill Strasburger<br>Attn: Martin Thornthwaite<br>PHONE: 469-287-3958<br>FAX: 214-651-4330<br>EMAIL: martin.thornthwaite@clarkhillstrasburger.com | Trade Claim | | | | $47,625.72 |
| 23 | Altec Industries<br>Attn: Lynda Gagen<br>210 Inverness Center Drive<br>Birmingham, AL 35242 | Altec Industries<br>Attn: Lynda Gagen<br>PHONE: 205-408-8682<br>FAX: 205-408-8113<br>EMAIL: lynda.gagen@altec.com | Trade Claim | | | | $39,948.91 |
| 24 | Leasing Associates<br>Attn: Susan Wich<br>12600 N. Featherwood Drive, Suite 400<br>Houston, TX 77034 | Leasing Associates<br>Attn: Susan Wich<br>PHONE: 832-300-1304<br>FAX: 832-300-1317<br>EMAIL: susanw@theleasingcompany.com | Trade Claim | | | | $37,927.46 |
| 25 | Odessa Winlectric<br>Attn: Carl Long<br>2022 Kermit Highway<br>Odessa, TX 79761 | Odessa Winlectric<br>Attn: Carl Long<br>PHONE: 432-337-0243<br>FAX: 432-337-1077<br>EMAIL: clong@winlectric.com | Trade Claim | | | | $35,832.89 |
| 26 | McFarland Cascade<br>Attn: Lisa Page<br>1640 East Marc<br>Tacoma, WA 98421-2939 | McFarland Cascade<br>Attn: Lisa Page<br>PHONE: 936-634-4923<br>FAX: 253-627-4188<br>EMAIL: mpage@stella-jones.com | Trade Claim | | | | $35,586.00 |
| 27 | Aggreko Holdings Inc / Aggreko LLC<br>Attn: Erin Kavanagh<br>15600 John F Kennedy Boulevard, Suite 600<br>Houston, TX 77032 | Aggreko Holdings Inc / Aggreko LLC<br>Attn: Erin Kavanagh<br>PHONE: 337-374-3062<br>FAX: 337-365-1387<br>EMAIL: erin.kavanagh@aggreko.com | Trade Claim | | | | $35,377.99 |
| 28 | Typhoon Excavation, Inc.<br>Attn: A. Mapes<br>2222 12th Avenue West<br>Williston, ND 58801 | Typhoon Excavation, Inc.<br>Attn: A. Mapes<br>PHONE: 701-572-4344<br>FAX: N/A<br>EMAIL: amapes11@hotmail.com | Trade Claim | | | | $33,462.50 |
| 29 | Elynx Technologies<br>Attn: Jennifer Rodgers<br>6655 South Lewis, Suite 300<br>Tulsa, OK 74136 | Elynx Technologies<br>Attn: Jennifer Rodgers<br>PHONE: 918-493-1366<br>FAX: 918-496-8615<br>EMAIL: jennifer.rodgers@elynxtech.com | Trade Claim | | | | $30,708.04 |
| 30 | Power/Mation Division Inc.<br>Attn: Greg Strauss<br>1310 Energy Lane<br>St. Paul, MN 55108 | Power/Mation Division Inc.<br>Attn: Greg Strauss<br>PHONE: 651-605-4415<br>FAX: 651-605-4473<br>EMAIL: greg.strauss@powermation.com | Trade Claim | | | | $29,399.38 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DIXIE ELECTRIC, LLC., <u>et al.</u>,[1] | Case No. __-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS
<u>PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1</u>**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Dixie Electric, LLC, a Texas limited liability company, and certain of its affiliates, who are each debtors and debtors in possession in the above-captioned cases (each a "<u>Debtor</u>"), hereby state as follows:

1. FR Dixie Holdings Corp. is the direct or indirect parent of each of the other Debtors. FR Dixie Holdings Corp. is 100% owned by non-debtor FR Dixie Management LP.

2. FR Dixie Acquisition Corp. is 100% owned by FR Dixie Holdings Corp.

3. FR Dixie Acquisition Sub Corp. is 100% owned by FR Dixie Acquisition Corp.

4. Dixie Electric, LLC is 100% owned by FR Dixie Acquisition Sub Corp.

5. The Debtors listed below are 100% owned by Dixie Electric, LLC:

   - Monahans Electric, Inc.
   - K&S Electric, Inc.
   - L&K Electric, LLC
   - Patriot Automation & Control, LLC

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: FR Dixie Holdings Corp. (4205), FR Dixie Acquisition Corp. (6859), FR Dixie Acquisition Sub Corp. (6379), Dixie Electric, LLC (3176), Monahans Electric, Inc. (2307), K&S Electric, Inc. (8960), L&K Electric, LLC (3297), Patriot Automation & Control, LLC (7466), Epic Integrated Services, LLC (5274), Action Electric Holdings, Inc. (4496), Action Electric, Inc. (0227), Mac Supply, Inc. Electrical Contractors (6230), Strong Electric, LLC (6912), and Wellkeeper, Inc. (4522). The mailing address for each Debtor is 1155 Dairy Ashford Rd, Suite 450, Houston, TX 77079.

- Epic Integrated Services, LLC

- Action Electric Holdings, Inc.

- Mac Supply, Inc. Electrical Contractors

- Wellkeeper, Inc.

6. Debtor Action Electric, Inc. is 100% owned by Debtor Action Electric Holdings, Inc.

Fill in this information to identify the case:

Debtor name: Dixie Electric, LLC, et al.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

Official Form 202
**Declaration Under Penalty of Perjury for Non-Individual Debtors**
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other documentation that requires a declaration  Combined Corporate Ownership Statement and List of Equity Interest Holders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  November 2, 2018

X  /s/ Jerrit Coward
Signature of individual signing on behalf of debtor

Jerrit Coward
Printed name

Chief Executive Officer
Position or relationship to debtor